IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-1679-L** |
| | § | |
| **LAGENE VALDEZ,** Individually, and as | § | |
| an officer, director, shareholder, and/or | § | |
| principal of Janico Enterprises, LLC d/b/a | § | |
| Timeout Café Sports Bar 10474 Country | § | |
| View Lane, Forney, TX 75126; | § | |
| **JANICO ENTERPRISES, LLC** d/b/a | § | |
| Timeout Café Sports Bar 104 e. US Hwy. | § | |
| 80 #120, Forney, TX 75126; **and** | § | |
| **TIMEOUT HOSPITALITY CLUB** d/b/a | § | |
| Timeout Café Sports Bar 104 E. US Hwy., | § | |
| 80 #120 Forney, TX 75126, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Set Aside Default Judgment[1] and for Leave to

File Answer, filed July 8, 2013.  After careful consideration of the motion, response, record, and

applicable law, the court **grants** Defendants' Motion to Set Aside Default [ ] and for Leave to File

Answer but **orders** Defendants to pay reasonable attorney's fees and costs incurred by Plaintiff

Joe Hand Promotions, Inc.

---

[1] Although a default has been entered in this case, no motion for *default judgment* has been filed.  Perhaps, this incorrect designation resulted from the language in Plaintiff's cover letter to Plaintiff's Request to Enter Default. The cover letter incorrectly referred to the document as "Plaintiff's Request to Enter Judgment," when no motion for default judgment had been filed.  In any event, the court treats the current motion as "Defendants' Motion to Set Aside Default."

## I.      Procedural and Factual Background

Joe Hand Promotions, Inc. ("Joe Hand" or "Plaintiff") filed this action against Lagene Valdez; Janico Enterprises, L.L.C.; and Timeout Hospitality Club (collectively, "Defendants") on May 2, 2013.   Plaintiff brought suit against Defendants, pursuant to 47 U.S.C. §§ 553, 605, contending that they violated these statutes on June 12, 2010, by their unauthorized and illegal interception or receipt and exhibition of the "U.F.C. 115: Liddell v. Franklin" Broadcast at their commercial establishment.

All Defendants were served with the summons and the Complaint on May 8, 2013.  On or about June 14, 2013, Defendant Valdez sent a letter to Ms. Jamie King, Plaintiff's counsel, in which she stated, among other things, "I am denying participation in the allegations presented in the above reference[d] Civil Action."   Defendants contend that this letter was sufficient to constitute an answer to the Complaint.   The letter was attached to Plaintiff's Request to Enter Default.  The clerk entered a default against Defendants on June 28, 2013.

Plaintiff disagrees that the letter constitutes an answer to the Complaint.  Plaintiff contends that Defendants' failure to answer or otherwise respond was willful, that Defendants fail to establish a meritorious defense, and that it will be prejudiced if the court sets aside the default.

## II.     Discussion

A court may set aside an entry of a default for good cause shown.  Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)).  In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted).  A court also considers whether the

**Memorandum Opinion and Order – Page 2**

defaulting party "acted expeditiously" to cure the default.  *Id.*  (citation omitted).  If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond —such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]."  *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement."  *Lacy v. Sitel Corp.*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).  The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments.  *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

The court recognizes that correspondence took place between Ms. King and Ms. Valdez. The court accepts as true Ms. King's statement that she corresponded with Ms. Valdez on three occasions and stressed the necessity of Ms. Valdez filing an answer to the Complaint.  Ordinarily, when no answer is filed under these circumstances, a court would consider the failure to file an answer as willful conduct.  In this case, Defendant Valdez was proceeding *pro se* and may have not fully understood the dire consequences of the failure to file an answer.  Courts generally give *pro se* parties some leeway, and they are not held to the same standards as lawyers.  That settlement discussions were ongoing further complicates this issue.  While Defendant Valdez's conduct was

negligent, and perhaps grossly negligent, the court cannot say that it was willful, given the totality of the circumstances. Accordingly, the willfulness factor weighs in favor of Defendants.

With respect to a meritorious defense, the court does not have sufficient information to make a definitive decision, but, frankly, at this stage, the meritorious defense offered by Defendants appears to be tenuous. The court, however, is reticent to foreclose Defendants from developing this factor at the relative infancy of this case.

Finally, the court is not convinced that Plaintiff will be prejudiced if the default is set aside. There is no specific evidence that witnesses are unavailable or that evidence has been lost or destroyed that would cause Plaintiff to be unable to prosecute this action. Plaintiff's arguments regarding the possibility of the unavailability of witnesses and fraud among Defendants are speculative. Of course, if discovery establishes that evidence has been destroyed or that there is fraud or collusion among Defendants, the court certainly is capable of imposing sanctions or taking corrective action to address such conduct.

The court by no means approves of Ms. Valdez's conduct or that of the other Defendants, and their conduct is not cause for approbation; however, in light of the overall circumstances and the Fifth Circuit's position that defaults are generally disfavored and cases should be tried on the merits, the court does not believe that a default is warranted.

The court determines that the alternative position taken by Plaintiff that any vacatur should be conditioned on payment to Plaintiff of its reasonable attorney's fees is the more just resolution of this matter. Defendants' conduct and delays necessarily caused Plaintiff to incur attorney's fees in obtaining a default and in responding to Defendants' Motion to Set Aside Default. Under these

facts, the court determines that Defendants should pay Plaintiff its reasonable attorney's fees associated with obtaining the default and responding to Defendants' Motion to Set Aside Default.

## III.    Conclusion

For the reasons herein stated, the court **grants** Defendants' Motion to Set Aside Default [ ] and for Leave to File Answer.  Accordingly, the court **sets aside** the default entered by the clerk on June 28, 2013, and Defendants shall file an answer or otherwise respond by **January 10, 2014**.[2] The court **orders** Defendants to pay Plaintiff the reasonable attorney's fees incurred and associated with obtaining the default against Defendants and in responding to Defendants' Motion to Set Aside Default.  Once the court determines the amount of reasonable attorney's fees, Defendants shall pay those fees within thirty days.  Failure to pay as ordered will result in the court striking Defendants' answer.

**It is so ordered** this 3rd day of January, 2014.

Sam A. Lindsay
United States District Judge

---

[2] In Defendants' Motion to Set Aside Default, they request that they be allowed to file "an amended answer."  Defs.' Mot. 7.  As no answer has been filed, the correct appellation of the to-be-filed document is "*Defendants' Answer*," not "Amended Answer."

**Memorandum Opinion and Order – Page 5**