**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**JOE HAND PROMOTIONS, INC.,**

      **Plaintiff,**

v.                                                                          Civil Action No. 3:13-CV-1679-L-BK

**LEGENE VALDEZ, JANICO
ENTERPRISES, LLC and TIMEOUT
HOSPITALITY CLUB,**

      **Defendants.**

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED SATES MAGISTRATE JUDGE**

Upon United States District Judge Sam A. Lindsay's *Order of Reference*, Doc. 33, this case has been referred to the magistrate judge for a recommendation on Plaintiff's *Motion for Entry of Default Judgment Against All Defendants*, Doc. 30. For the reasons that follow, it is recommended that the motion be **GRANTED**.

**A.   BACKGROUND**

In May 2013, Plaintiff filed its Complaint against Defendants (collectively, "Timeout Café" or "Defendants") alleging that Defendants, illegally and without authority, received and exhibited the *UFC 115: Liddell v. Franklin* broadcast ("the Broadcast") on June 12, 2010, at TimeOut Café, without paying the sublicense fee owed to Plaintiff. Doc. 1 at 5-9. Defendants were served with the summons and complaint on May 8, 2013. Doc. 7; Doc. 8; Doc. 9. The following month, Plaintiff filed its *Request to Enter Default* against Defendants. Doc. 10 at 2. The clerk entered the default on June 28, 2013. Doc. 11.

On July 8, 2013, Defendants filed a *Motion to Set Aside Default and for Leave to File Answer*. Doc. 12. On January 3, 2014, District Judge Lindsay granted the motion, but held that

the vacatur of the default judgment was conditioned on Defendants' paying to Plaintiff its reasonable attorney's fees incurred in obtaining the default and responding to the motion to set aside the default.  Doc. 15 at 5.  Defendants were also warned that "[f]ailure to pay as ordered will result in the court striking Defendants' answer."  Doc. 15 at 5.  Following Plaintiff's submission of documentation indicating the amount of attorney's fees incurred, District Judge Lindsay ordered Defendants to pay to Plaintiff $775.00 by April 7, 2014, and warned that if they failed to do so, their answer would be struck and Plaintiff would be instructed to file a motion for default and default judgment.  Doc. 25 at 2.  On April 10, 2014, Plaintiff advised the Court that Defendants did not pay the $775.00 as ordered.  Doc. 26.  Accordingly, the Court struck Defendants' answer and directed Plaintiff to file a motion for default and default judgment.  Doc. 27.  Plaintiff has now filed its *Motion for Final Default Judgment.*  Doc. 30.

B.     APPLICABLE LAW AND ANALYSIS

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  FED. R. CIV. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Defendants.  Doc. 32.

Defendants, by virtue of having their answer struck by the Court and default entered against them, have admitted the well-pleaded allegations of the Complaint and are precluded from contesting the established facts.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  In other words, the well-pleaded allegations of the Complaint establish that Defendants exhibited the Broadcast without a license and without authorization from Plaintiff.  Based on the well-pleaded allegations of Plaintiff's Complaint,

2

which the Court accepts as true, and the record in this action, the Court determines that Defendants are in default and that Plaintiff is entitled to a default judgment, appropriate damages, injunctive relief, and attorney's fees and costs as discussed more fully below.

   *1. Damages*

In Plaintiff's *Motion for Final Default Judgment*, it asks the Court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) of the Federal Communications Act of 1934 ("the Act"). Doc. 30 at 15, 21, 25. Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II). The amount of statutory damages requested by Plaintiff falls within the amount allowed by statute, and the Court finds that the amount of $10,000 in statutory damages is reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing Plaintiff to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). A court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(ii). To deter pirating of cable and satellite broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See Kingvision Pay-Per-View, Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001)

3

(discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the amount of five times the initial statutory damages award).  Here, Defendants did not exhibit the Broadcast innocently; it was intentionally and knowingly done for financial gain.  The multiplier of five times in this case is reasonable, considering the event was exhibited on ten televisions to as many as 66 patrons, Doc. 31-4 at 2, and the importance of deterring future violations.  The Court determines that such damages are ascertainable from the Complaint and the record and recommends an award to Plaintiff of $50,000 as additional damages. Accordingly, Plaintiff is entitled to, and should be awarded a total amount of $60,000 in damages.

     *2. Permanent Injunction*

     Plaintiff further requests that the Court permanently enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Act.  Doc. 30 at 26.  The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act.  47 U.S.C. § 605(e)(3)(B)(i).  After a careful review of the evidence and authority, the Court determines that the four factors necessary for a permanent injunction have been satisfied, and such injunctive relief is appropriate.  *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing the elements necessary to secure injunctive relief: (1) the likelihood of success on the merits, (2) the threat of irreparable injury, (3) the threatened injury outweighs any harm from granting the injunction, and (4) the injunction will not disserve the public interest). Accordingly, the Court recommends that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants and their officers,

agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants be forever enjoined from intercepting or exhibiting an unauthorized program in violation of the Act.

    *3. Costs and Attorney's Fees*

The Act requires courts to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests attorney's fees from Defendants in the amount of one-third of the actual and additional damages awarded to prosecution of this case through default judgment, which would result in an award of $20,000. Doc. 30 at 25. Plaintiff cites some authority for the proposition that a one-third contingency fee is reasonable for the prosecution of an antipiracy case. Doc. 30 at 25-26. The Court, however, believes that such an award in this case would be unreasonable and result in an unjustified windfall to counsel. This is so because Plaintiff's counsel prosecutes numerous cases of this nature and uses form pleadings that only need to be changed with respect to the day an event is broadcast, the name of the defendant or defendants who committed the violations, and the facts that support the violations. The Court thus determines that the lodestar approach (the reasonable number of hours multiplied by a reasonable hourly rate) should govern, and, thus, will use that methodology in determining the amount of the reasonable attorney's fees to be awarded in this case.

Plaintiff's counsel, Jamie King, has been licensed by the State of Texas since 2004. Doc. 31-6 at 1. Her practice primarily consists of handling matters involving creditor's rights, antipiracy, construction law, commercial litigation, business organizations, and business transactions. Doc. 31-6 at 2. Previously in this case, District Judge Lindsay awarded Ms. King attorney's fees at an hourly rate of $250, which is the same rate she requests here should the

court decline to award the contingent fee requested.  Doc. 25 at 2; Doc. 31-6 at 4.  The Court finds this rate is reasonable in light of counsel's ability, competence, and experience.  Although Plaintiff's counsel has produced no time records setting forth the number of hours expended, she submitted an affidavit stating that she reasonably expended 22.6 hours on this action.  Doc. 31-6 at 4.  Based on a review of the docket sheet, the undersigned's experience in determining reasonable attorney's fees based on time expended, and the fee awards in similar cases, the Court finds that 22.6 hours were reasonable and necessary to prosecute this case.  Accordingly, it is recommended that Plaintiff's counsel be awarded attorney's fees in the amount of $5,650.00, and that all allowable and reasonable costs be taxed against Defendants.

### C.    CONCLUSION

For the reasons stated, Plaintiff's *Motion for Final Default Judgment*, Doc. 30, should be **GRANTED**, and a default judgment entered on behalf of Plaintiff in the amount of $60,000, plus post-judgment interest on the total amount of the judgment at the applicable federal rate of .17%. Defendants, Defendants' officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants should be permanently enjoined from intercepting or exhibiting an unauthorized program in violation of the Act.  Finally, Plaintiff should be awarded as its reasonable attorney's fees the sum of $5,650.00, and all allowable and reasonable costs should be taxed against Defendants.

**SO RECOMMENDED** on February 4, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE